UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alessandra Katie Stamps, | Case No. 22-CV-2279 (ECT/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael Segal, Warden, | |
| Respondent. | |

Petitioner Alessandra Katie Stamps has filed a petition for a writ of habeas corpus asking the Court to direct the Federal Bureau of Prisons (BOP) to transfer her from prison to home confinement (ECF No. 1). The petition comes before the Court for preliminary review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon that review, this Court recommends that the petition be denied for failure to state a cognizable habeas claim.

In 2021, Ms. Stamps pleaded guilty in the United States District Court for the Southern District of Iowa to distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). *See United States v. Stamps*, Case No. 4:21-CR-00014-001 (S.D. Iowa Nov. 4, 2021). She was sentenced to a 300-month term of imprisonment, which she is now serving at the Federal Correctional Institution in Waseca, Minnesota (FCI-Waseca). Ms. Stamps's appeal of that sentence remains pending before the United States Court of Appeals for the Eighth Circuit. *United States v. Stamps*, No. 21-3677 (8th Cir. filed Nov. 17, 2021).

---

[1] Ms. Stamps's habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to her petition. *See* Rule 1(b).

1

In her habeas petition, Ms. Stamps alleges she has a medical condition that puts her at high risk for COVID-19 and that she meets all other requirements for home confinement pursuant to the CARES Act and the March 26 and April 3, 2020, directives of then-Attorney General William Barr (ECF No. 1 at 2). The CARES Act modified 18 U.S.C. § 3624(c)(2) by lengthening the amount of time a prisoner could be placed on home confinement. *See* Coronavirus Aid, Relief and Economic Security (CARES) Act, H.R. 748, 116th Cong. § 12003(b)(2) (2020). Then-Attorney General Barr issued directives on March 26, 2020 and April 3, 2020, "for the BOP to review all inmates with COVID-19 risk factors as described by the Centers for Disease Control and Prevention ('CDC') to determine which inmates are suitable for home confinement." *Wolf v. Fikes*, Civ. No. 22-CV-194 (PJS/BRT), 2022 WL 4239095, at * 2 (D. Minn. Aug. 16, 2022). In sum, "the CARES Act expanded the potential opportunities for home confinement." *Id.*

Ms. Stamps asked to be transferred to home confinement through FCI-Waseca's administrative-remedy procedure, but her request was denied (ECF No. 1 at 2). Ms. Stamps appealed that denial to the warden of FCI-Waseca, who subsequently affirmed the denial on the grounds that Ms. Stamps's PATTERN score, which is an indicator of recidivism, is "medium" and home confinement is only available to those with a "low" PATTERN score. (*Id.* at 3.) Ms. Stamps appealed this decision to the North Central Regional Office, claiming that her PATTERN score is "low," and that the Warden relied on an inaccurate PATTERN score in denying her appeal. (*Id.*) The North Central Regional Office responded, requesting more time to provide a substantive response to her appeal (ECF No. 1-1, at 5). Ms. Stamps did not wait for such a response before filing her habeas petition in this District. (*Id.*) She now asks that this Court direct the BOP to transfer her to home confinement pursuant to the CARES Act. (*Id.* at 8.)

2

By Ms. Stamps's own admission, she has failed to first exhaust her administrative remedies before filing for habeas relief. Failure to exhaust administrative remedies is grounds to deny habeas claims. *See Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) (affirming dismissal of habeas claim where petitioner did not first exhaust administrative remedies). This Court need not rest solely on Ms. Stamps's failure to exhaust administrative remedies, however, because her use of a habeas corpus petition is not the proper procedural vehicle here.

A habeas petitioner may challenge only the fact or duration of her confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Ms. Stamps does not appear to be challenging the fact or duration of her confinement; rather, she is requesting to be transferred to home confinement, which the courts consider a *place of confinement*.[2] *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams*, 2021 WL 4155614, at *6 ("Being transferred to home confinement is not a 'release' for incarceration."). Thus, because Ms. Stamps is not challenging the legality of her detention—that is, the fact or duration of her confinement—in her petition, a writ of habeas corpus is not the correct remedy for the alleged violation of her rights.[3] *See Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 2935641, at *1 (D. Minn. July 13, 2021).

---

[2] Ms. Stamps explicitly seeks "home confinement" (ECF No. 1 at 2, 7). She does not request a modification of her sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release"). Moreover, even if the Court were to construe her habeas petition to assert such a claim, it would not be a viable claim since she has not established that the administrative exhaustion requirement for such relief has been met. *See* 18 U.S.C. § 3582(c)(1)(A).

[3] It is worth noting, moreover, that "it is [] well established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement." United States v. James, 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020).

Further, as courts in this District have repeatedly held, the BOP has exclusive authority to determine the placement of prisoners under 18 U.S.C. § 3624(c)(2), including their placement on home confinement. *See Garcia v. Eischen*, No. 22-CV-444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases). "[I]t is the BOP—not the courts—who decides whether home detention is appropriate." *Williams v. Birkholz*, No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *3 (D. Minn. July 20, 2021), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Although the CARES Act authorizes the BOP to place prisoners on home confinement for more time than had previously been permitted under § 3624(c)(2), *see* CARES Act, H.R. 748, 116th Cong. § 12003(b)(2) (2020), nothing in that legislation—or then-Attorney General William Barr's directives to the BOP in March and April 2020—*required* the BOP to place any specific prisoner in home confinement. Put another way, the CARES Act and subsequent directives did nothing to change that the BOP has the exclusive authority to determine the placement of prisoners. *See, e.g.*, 18 U.S.C. § 3624(c)(2); *United States v. James*, No. 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020); *United States v. Kluge*, No. 17-CR-61 (DWF), 2020 WL 209287, at *4 (D. Minn. Jan. 14, 2020). Courts, moreover, "have consistently held that placement questions are not reviewable." *United States v. Vang*, No. 16-CR-277 (DWF/KMM), 2020 WL 4704875, at *2 (D. Minn. Aug. 13, 2020). [4]

---

[4] Ms. Stamps cites litigation from FCI-Lompoc and FCI-Danbury in support of her petition. It appears that she is referring to *Torres v. Milusnic*, 472 F. Supp. 3d 713 (C.D. Cal. 2020) and *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411 (D. Conn. 2020), respectively. These cases, however, originate from outside the Eighth Circuit and are not binding on this Court. *See United States v. Swan*, 327 F. Supp. 2d 1068, 1071 (D. Neb. 2004) ("Under principles of stare decisis, decisions of the Eighth Circuit Court of Appeals have precedential value and must be followed by the district courts within the Eighth Circuit) (citing *Bendet v. Sandoz Pharm. Corp.*, 308 F.3d 907, 911 (8th Cir. 2002)). Notably, moreover, subsequent cases in Central District of California, for example, have failed to follow *Torres*, finding that "the majority of the district courts within the Ninth Circuit have reached the opposite conclusion and have found that claims brought by federal prisoners or detainees seeking release from custody due to the COVID-19 pandemic are not cognizable on habeas review." *Bruno v. Warden*, Case No. CV20-6390 JFW (PVC), 2021 WL

4

Thus, for all the reasons outlined above, this Court recommends that Stamps's habeas petition be dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Petitioner Alessandra Katie Stamps's petition for a writ of habeas corpus relief under 28 U.S.C. § 2241 (ECF No. [1]) be DENIED.

Dated: October 28, 2022                                *s/ Dulce J. Foster*
                                                                          Dulce J. Foster
                                                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

2323941, at *6 (C.D. Cal. May 14, 2021). This Court finds the analysis in *Bruno* more persuasive and agrees that requests for transfer to home confinement are not cognizable on habeas review.